**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

EDDISON EFREIN ENCALADA ESPEJO,

      Petitioner,

      v.                                                            Case No. 1:26-cv-00438 KWR-JHR


DORA CASTRO, *Warden of the Otero County Processing Center,*
TODD LYONS, *Acting Director, Immigration and Customs Enforcement,*
MARY DE ANDA-YBARRA, *Field Office Director of the El Paso Field Office,*
TODD BLANCHE, *Acting Attorney General of the United States,*
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW,
*and* MARKWAYNE MULLIN*, Secretary of the U.S. Department
of Homeland Security*,

      Respondents.

**ORDER DISMISSING CASE WITHOUT PREJUDICE**

THIS MATTER comes before the Court on Petitioner's Petition for Writ of Habeas Corpus (Doc. 2). Petitioner is a noncitizen in ICE custody. He requests release from custody or a bond hearing. Respondents assert that the claims in the Petition are moot.  As explained below, the Court agrees with the Respondents and therefore dismisses the Petition without prejudice as moot.

Petitioner is a citizen of Venezuela. Pet. ¶ 10, Doc. 2. Petitioner asserts that he has resided in the United States since April 25, 2022.  *Id*. ¶ 37.  He was released from immigration custody in June 2023, and he moved to Minnesota. *Id.* ¶ 38.  However, on January 9, 2026, Petitioner was again detained and is now in ICE custody at the Otero County Processing Center.  *Id.* ¶¶ 10, 39. Under Count I, he asserts that Respondents violated the Immigration and Nationality Act by classifying him under the mandatory detention provision of 8 U.S.C. § 1225(b)(2)(A), rather than

the discretionary detention provision of § 1226(a). Under Count II, he asserts that his detention without a pre-detention bond hearing violated his right to due process.

Respondents assert that the Petition is moot due to a change in Petitioner's circumstances and detention. They assert that he was granted voluntary departure in lieu of removal and he waived appeal of that order. *See* Doc. 9-2. In support of this argument, Respondents cite *Al-Siddiqi v. Achim*, 531 F.3d 490 (7th Cir. 2008). In that case, the Court of Appeals for the Seventh Circuit held that a habeas petition was moot when, during the pendency of the case, the basis for the petitioner's detention changed, as the petitioner was granted voluntary departure. *Al-Siddiqi v. Achim*, 531 F.3d 490, 495 (7th Cir. 2008) ("But here the IJ ordered Al–Siddiqi detained pursuant to his right to impose conditions on Al–Siddiqi's voluntary departure order, 8 U.S.C. § 1229c(a), (b); 8 C.F.R. § 1240.26(c)(3), not under his authority to review DHS's bond determinations.").

Respondents assert that Petitioner is now held pursuant to 8 U.S.C. § 1229c(b) and 8 C.F.R. § 240.25(b), and therefore the habeas petition, which challenged in part his detention under § 1225(b)(2)(A), is now moot. Doc. 9 at 4-5. It appears the basis for Petitioner's detention changed when he was granted voluntary departure. Importantly, Petitioner does not disagree with the Response. Petitioner does not argue that his Petition is not moot. Therefore, the Court dismisses the habeas petition as moot.

Alternatively, to the extent Petitioner has been released from custody, his habeas petition is also now moot. The Court was unable to find Petitioner in the ICE custody locator. "Under Article III of the Constitution, federal courts may only adjudicate live controversies." *Cohen Ma v. Hunt*, 372 F. App'x 850, 851–52 (10th Cir. 2010). An "actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Id.* (citation and quotation omitted). "Once the controversy ceases to exist, the action is moot and this court lacks jurisdiction." *Id.*

(quoting *Lane v. Simon,* 495 F.3d 1182, 1186 (10th Cir. 2007) (citation omitted)). Generally, release from custody may moot a § 2241 habeas petition challenging detention. *Ferry v. Gonzales*, 457 F.3d 1117, 1132 (10th Cir. 2006) (petitioner's "challenge to the legality of his detention without an opportunity for bond or a bond hearing is moot. Ferry's administrative removal order has been executed, and thus, Ferry is no longer in the custody of the DHS to benefit from a bond determination or release."); *Suarez-Tejeda v. United States*, 85 F. App'x 711, 716–17 (10th Cir. 2004) (noting that petitioner's release from custody mooted habeas petition which challenged the legality of the duration of his detention).

However, a petition is not moot if: (1) secondary or collateral injuries survive after the petitioner is released; (2) after release, the detention is deemed a wrong capable of repetition yet evading review; (3) the respondent voluntarily ceases the allegedly illegal practice but may resume it at any time; or (4) the action is properly certified as a class action. *Riley v. INS*, 310 F.3d 1253, 1256-57 (10th Cir. 2002) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). Here, the record does not suggest that any of these circumstances apply.

Therefore, the Petition is now moot, and this case is dismissed without prejudice.

**IT IS THEREFORE ORDERED** that the Petition (Doc. 2) is dismissed without prejudice as moot.

/S/
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE

3